UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMAS PASCUAL TOMAS (A No. 201 958 821),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-5204 TLN CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility, proceeds with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner is a native and citizen of Guatemala. ECF No. 12-1 at 1. Petitioner claims he entered the United States without authorization in 2003 when he was 16. ECF No. 12-1 at 1 & 6.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Petitioner's first encounter with ICE occurred August 5, 2019, following an arrest by the Palm Beach County, Florida Sheriff on August 4, 2019, for failure to appear. ECF No. 12-1 at 6; ECF No. 15-2 at 12. Following the Palm Beach County arrest, petitioner was taken into ICE custody, ECF No. 15-2 at 3, charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) & § 1182(a)(7)(i)(I), ECN No. 12-1 at 6, released on $10,000 bond on September 20, 2019, and ordered to appear for removal proceedings on an unspecified date. ECF No. 12-1 at 4 & 19-1 It is not clear if those proceedings ever occurred.

Petitioner has been convicted of the following offenses while in the United States:[2]

1. On August 14, 2015, petitioner was found guilty of driving under the influence, driving without a license, and running a red light in Palm Beach County. ECF No. 15-1 at 48.
2. On April 11, 2024, petitioner was found guilty in Peach County, Georgia of driving under the influence, speeding, reckless driving, and open container violations. ECF No. 15-1 at 22.
3. On October 9, 2024, petitioner was found guilty of trespass after warning in Palm Beach County, Florida. Id. at 26.

It does not appear petitioner was ordered to serve any jail time for these offenses.

On October 15, 2025, the car in which petitioner was riding as a passenger was stopped allegedly for a traffic violation and petitioner was detained by ICE officers. ECF No. 1 at 7. ECF No. 12-1 at 1.

Sometime after arrest, petitioner requested a hearing to determine appropriateness of custody. The request for the hearing was denied on January 22, 2026, as an immigration judge found a lack of jurisdiction to hold the hearing. ECF No. 12-3 at 7. A hearing was held on May 26, 2026. ECF No. 12-3 at 5. Petitioner was ordered to remain in custody based upon a finding that petitioner did not show he is not a danger to the community. Id. The immigration judge did not point to any evidence in support of that finding. Id. Petitioner requested another hearing. On

[2] The court omits convictions for some minor traffic offenses.

June 26, 2026, the hearing was denied because an immigration judge found there was no jurisdiction for the hearing. ECF No. 12-3 at 1-4. Petitioner did not appeal the decisions as to his custody to the Board of Immigration Appeals (BIA). ECF No. 1 at 3.

It does not appear petitioner is subject to a final order of removal and, other than that, the status of removal proceedings is not clear. On-line Executive Office of Immigration Review records indicate petitioner's case is still pending, but no proceedings are currently scheduled.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

Title 8 U.S.C. § 1226(b) provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." However, release from ICE custody on bond is liberty protected under the Fifth Amendment which cannot be taken away without certain process. Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1030 (N.D. Cal. July 17, 2025). Notice and an opportunity to be heard prior to bond revocation are required under the Fifth Amendment. See J.C.E.P. v. Wofford, No. 1:25-cv-01559 EFB, 2026 WL 809865, *7 (E.D. Cal. March 24, 2026) ("The requirements of due process, of course, supersede statutory and regulatory authority, and numerous courts have held that the Due Process clause entitles a noncitizen to notice and an opportunity to be heard before his parole

or bond is summarily revoked under section 1226(b).”). More specifically, a non-citizen released on bond is entitled to remain released unless it is shown by clear and convincing evidence by the government at a follow up bond hearing that changed circumstances demonstrate that petitioner is either a flight risk or threat to public safety. Vega v. Warden, Golden State Annex Det. Fac., No 1:26-cv-3604 DC SCR, 2026 WL 1707804, *1 (E.D. Cal. June 12, 2026).

Petitioner was not afforded the process to which he is entitled under the Fifth Amendment and is entitled to habeas relief. The court finds the appropriate remedy to be release. Respondents fail to point to anything suggesting that holding a hearing either prior to or contemporaneous with petitioner's arrest would have been impracticable or unjustified due to some exigency or otherwise.[3] The hearing was not held because “guidance” from Customs and Border Patrol Commissioner Rodney Scott provided on July 10, 2025, advised that non-citizens, such as petitioner, who were present in the United States without admission or being paroled were subject to mandatory detention under 8 U.S.C. § 1225. ECF No. 12-1 at 3. The Ninth Circuit recently rejected this argument and found that persons such as petitioner who were present in the United States before being detained by ICE are generally entitled to bond hearings under 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to release petitioner.
3. Absent an administratively final order of removal, it be ordered that petitioner cannot be re-detained unless an immigration judge finds the government has demonstrated by clear and convincing evidence that a material change in circumstances renders petitioner either a danger to the community or an unacceptable flight risk. It should

/////

/////

[3] In contrast, a bond hearing, as opposed to release, may be the appropriate remedy if the government shows immediate detention without a bond hearing for a non-pretextual change in circumstances, such as a entry of a criminal conviction or criminal arrest that may warrant revocation of prior release on bond. See Vega, 2026 WL 1707804 at *1.

also be ordered that petitioner have the opportunity to have counsel present at such a hearing and at least 7-days-notice prior to commencement of the hearing.

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 5, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
toma5204.imm.frs